# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA CEJA-CORONA,<br><br>            Plaintiff,<br><br>    v.<br><br>CVS PHARMACY,<br><br>            Defendant.<br>_____/ | CASE NO. 1:12-cv-01703-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR AN ORDER REMANDING CASE TO STATE COURT AND FOR SANCTIONS IN THE AMOUNT OF $4,500.00<br><br>(ECF Nos. 6, 7, 13, 14)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

### I.

### **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Leticia Ceja-Corona filed this employment action in the Superior Court of the State of California for the County of Stanislaus on September 13, 2012, alleging violation of the California Family Rights Act; disability discrimination in violation of California Government Code, section 12940 et seq.; failure to accommodate disability in violation of California Government Code, section 12940(m); failure to engage in interactive process in violation of California Government Code, section 12940(n); failure to prevent discrimination in violation of California Government Code, section12940(h); wrongful discharge in violation of public policy; and violation of California Business and Professions Code, section 17200. (ECF No. 1-1.) Generally, Plaintiff alleges that following a work related injury, Defendant failed to comply with a doctor's order that she be assigned light duty from 2008 through 2010, causing her continuous pain and possible aggravation

of her work related injury. After assigning her to a "light duty" assignment around October 2010, which required Plaintiff to lift and move heavy items, Defendant determined that no light duty assignments were available; and Plaintiff was placed on a medical leave of absence. Plaintiff's doctor cleared her to return to light duty in November 2011. However, Defendant refused to accommodate Plaintiff and terminated her in February 2011.

Defendant removed this action to the Eastern District of California on October 16, 2012, under 28 U.S.C. §§ 1332, 1441, and 1446 contending that diversity jurisdiction exists in this action. (ECF No. 1.) On December 4, 2012, Plaintiff filed a motion to remand and objections to the notice of removal. (ECF Nos. 6, 7.) Defendant filed an opposition on January 11, 2013, on the grounds that the motion to remand is untimely and substantively infirm. (ECF No. 13.) Plaintiff filed a reply on January 18, 2013. (ECF No. 14.)

A hearing on the motion was held on January 25, 2013, in which Jody Landry appeared for Defendant and Hugo Gamez appeared telephonically for Plaintiff. As a result of the parties responses to the Court inquiring into the calculation of the amount in controversy, Defendant was granted an opportunity to file supplemental briefing and evidence in support of the amount and Plaintiff was granted the opportunity to file a reply.[1] On February 1, 2013, Defendant filed a supplemental brief. (ECF No. 18.) Plaintiff failed to file a timely reply. Having considered the moving, opposition, and reply papers, as well as the Court's file and the parties arguments during the hearing, the Court issues the following order.

## II.

## LEGAL STANDARD

District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original

---

[1] At the hearing, the Court inquired of Plaintiff as to whether Plaintiff was yet employed. Based upon Plaintiff's response, the Court allowed Defendant to present further evidence based upon the representation that Plaintiff was still unemployed, and to provide the amount of benefits associated with the wage analysis.

2

diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). For the purposes of establishing diversity of citizenship, a corporation is deemed to be a citizen of every state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

"[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). A notice of removal must be filed within thirty days of receiving the initial pleading setting forth the claim for relief, 28 U.S.C. § 1446(b), and in a case based upon diversity jurisdiction, the notice of removal must be filed within thirty days from which it was ascertained the case was removable, but not more than one year after the commencement of the action, 28 U.S.C. §§ 1446(b)(2)(c) and (c)(1). In determining whether diversity of citizenship exists and the removal was proper, the court considers the pleadings filed at the time of removal, Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1085 n.5 (9th Cir. 2009), and the citizenship of Doe defendants is disregarded, 28 U.S.C. § 1441(b).

Where a case is removed from state court, the removing defendant bears the burden of establishing federal jurisdiction, including the amount in controversy requirement. Abrego Abrego, 443 F.3d at 683. "The removal statute is strictly construed against removal jurisdiction." Provincial Gov't of Marinduque, 582 F.3d at 1087. If the district court determines that it lacks jurisdiction, the action should be remanded back to the state court. Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005).

In this circuit, where the amount of damages are not specified in the complaint, it is the removing party's burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. Lewis v. Verizon Communications, Inc., 627 F.3d 395, 397 (9th Cir. 2010); Abrego Abrego, 443 F.3d at 679; Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). The amount in controversy is merely an estimate of the total amount in dispute; and the Ninth Circuit expressly contemplates that the district court will consider some evidentiary record in determining the amount in controversy. Lewis, 627 F.3d at 400.

# III.

# **DISCUSSION**

Plaintiff seeks remand to state court arguing that diversity jurisdiction does not exist. Plaintiff contends that Defendant has not met its burden of proving that complete diversity among the parties exists and has failed to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. (Mem. of P. & A. in Supp. of Mot. for Order Remanding Case to State Ct. and for Sanctions in Amount of $4,500.00 5, ECF No. 6-1.)

Defendant opposes the motion on the grounds that Plaintiff waived her procedural objections by failing to timely file a motion to remand and the requirements of diversity jurisdiction have been met. (Def.'s Mem. in Opp'n 6, ECF No. 13.)

## A.     Timeliness of Motion to Remand

Before addressing the merits of the motion to remand, the undersigned addresses Defendant's argument that Plaintiff's motion to remand is untimely under 28 U.S.C. § 1447(c). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Plaintiff argues that subject matter jurisdiction does not exist because the parties are residents of the same state and the amount in controversy does not meet the jurisdictional requirement.

In this instance, Defendant removed this action on October 16, 2012. (ECF No. 1.) Plaintiff's motion to remand was filed December 4, 2012, well beyond the thirty days allowed by statute. (ECF No. 6.) In the opposition to the motion to remand, and at the hearing, Defendant argued that "[p]rocedural defects as meant by section 1447(c), include a failure to adequately prove removal jurisdiction" citing Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 942 (9th Cir. 2006), and In re Shell Oil Co., 932 F.2d 1518, 1523 (5th Cir. 1991). (ECF No. 13 at 8.) Defendant argues that since Plaintiff failed to object within thirty days of the removal, Plaintiff has waived her objections and the motion to remand should be denied.

In Lively, the local defendant removed the action to federal court and the district court sua

sponte ordered remand based on lack of jurisdiction. Lively, 456 F.3d at 936.  On appeal, this circuit addressed whether jurisdiction existed under § 1447(d) for appellate review.  In deciding the issue, the appellate court held that the "forum defendant" rule was a procedural requirement that was subject to the 30-day time limit imposed by § 1447(c) that could be waived, and therefore, appellate jurisdiction did exist. Lively, 456 F.3d at 942.  In Lively, it was clear that diversity of citizenship existed between the parties. Lively, 456 F.3d at 936.   Here, the Plaintiff's motion centers around both diversity of citizenship and the amount in controversy, and not the "forum defendant" rule, therefore, Lively is unpersuasive.

Defendant does not cite, nor does the court, find any federal case holding that the amount in controversy is not a jurisdictional requirement or is subject to waiver.  The amount in controversy requirement is "an ingredient of subject matter jurisdiction" and jurisdiction only exists where the matter in controversy exceeds $75,000.  Arbaugh v. Y&H Corp. 546 U.S. 500, 512, 514-16 (2006) (litigant "invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000"); Valdez v. Allstate Ins. Co, 372 F.3d 1115, 1116 (9th Cir. 2004) (in order to remove state law action, defendant must show the amount in controversy exceeds $75,000).

Courts routinely refer to the amount in controversy as the required or statutory "jurisdictional amount," and find it is a jurisdictional requirement that cannot be waived. *See* Martin v. Franklin Capital Corp., 251 F.3d 1284, 1291 n.3 (10th Cir. 2001) ("We give short shrift to defendants argument that [plaintiffs] waived federal diversity jurisdiction by failing to challenge the amount in controversy within thirty days."); United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc. 30 F.3d 298, 303 (2nd Cir. 1994) (declining to hold that plaintiff waived right to challenge amount in controversy for first time on appeal); Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781, 786 (2nd Cir. 1994) (holding failure to challenge amount in controversy is not determinative because subject matter jurisdiction cannot be waived); Behrazfar v. Unisys Corp., 687 F.Supp2d 999, 1002 (C.D. Cal. 2009) (where a litigant argues remand based upon a procedural defect, section 1447(c) does not remove the defendant's burden to show that subject matter jurisdiction exists).

1  In this instance, the Court finds that Plaintiff's motion is based upon a lack of subject matter
2  jurisdiction. While Plaintiff has waived any procedural objections to the notice of removal by filing
3  an untimely motion to remand, the text of section 1447(a) specifically excludes a motion to remand
4  based upon lack of subject matter jurisdiction from the thirty day window.[2]  GMAC Mortg., LLC v.
5  Bruce, No. 2:10-cv-00948 GEB KJN PS, 2010 WL 3069879, at *2 (E.D.Cal. Aug. 5, 2010). Subject
6  matter jurisdiction may not be waived and the district court must remand this action to state court if
7  subject matter jurisdiction is lacking. Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead
8  Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Accordingly, the Court considers Plaintiff's motion
9  to remand to the extent that it addresses the lack of subject matter jurisdiction in this action.

### B.  Diversity of Citizenship

Plaintiff argues that Defendant has not provided any evidence that it is incorporated in or that the corporate headquarters is located in Rhode Island. (ECF No. 6-1 at 7.) In support of the notice of removal, Defendant has provided a declaration of counsel stating that Defendant's state of incorporation and principal place of business is Rhode Island. (Decl. of Elizabeth Zepeda ¶ 5, ECF No. 1-5.)[3] In opposition to the motion to remand, Defendant submits the declaration of Melanie Luker, a secretary for CVS Pharmacy, Inc., who asserts that she has personal knowledge based upon the review of corporate records maintained in the normal course of business. (Decl. Of Melanie

---

[2] The Court finds that, pursuant to section 1447(c), were Plaintiff to raise subsequent issues unrelated to diversity of citizenship and the amount in controversy in its motion for remand such arguments are waived due to its untimely filed motion to remand.

[3] Plaintiff objects to the notice of removal on the grounds that the statement in defense counsel's declaration that Defendant is incorporated under the laws of and principal place of business is in the State of Rhode Island is hearsay, conclusory evidence, and lacks foundation and evidentiary support. (Pl. Leticia Ceja-Corona's Evidentiary Obj. to Def.'s Notice of Removal 2, ECF No. 7.)
  Hearsay is a statement that the declarant does not make while testifying at the present hearing that is offered for the truth of the matter asserted. Fed. R. Evid. 801(c). Defense counsel's statement is testimony made during the instant proceeding and is not hearsay. Plaintiff's objection is overruled on that ground.
  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602. In this instance, defense counsel states that she is counsel of record for the named defendant and has personal knowledge of the facts stated. (ECF No. 1-5 at ¶ 1.) This is sufficient for the Court to find that the witness has sufficient knowledge to testify to the facts asserted in the declaration regarding the citizenship of Defendant. Plaintiff's evidentiary objections are overruled. It should also be noted that Plaintiff's complaint alleges that Defendant is a citizen of Rhode Island. Compl. ¶ 1, ECF No. 1, see FRE 801(d)(2)(A).

6

Luker ¶ 1, ECF No. 13-5.) Ms. Luker asserts that CVS Pharmacy is incorporated in the State of Rhode Island, and the principal place of business is located in Woonsocket, Rhode Island. (Id. at ¶ 2.)

Nothing in 28 U.S.C. § 1446 requires the moving party to attach evidence of federal jurisdiction to the notice of removal. Section 1446(a) states that the notice of removal shall contain "a short and plan statement of the grounds for removal. . . ." The Ninth Circuit has observed that "it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements]." Abrego Abrego, 443 F.3d at 690-91.

It is undisputed that Plaintiff is a citizen of California. Defendant has presented the declarations of defense counsel and Ms. Luker establishing that it is incorporated in and its corporate headquarters are located in Rhode Island. Since Plaintiff is a citizen of California, and Defendant corporation is a citizen of Rhode Island, the Court finds that diversity of citizenship exists between the named parties in this action.

### C. Amount in Controversy

In this instance, the complaint does not state a specific amount of damages, but seeks "all general, actual, consequential, special and incidental damages, including but not limited to loss of earnings and employee benefits, emotional distress, and pain and suffering, . . . restitution, injunctive relief and all other appropriate relief for unfair competition pursuant to Business & Professions Code § 17200, including disgorgement of profits resulting from Defendants' unlawful business practices, . . . pre-judgment and post judgment interest, . . . punitive and exemplary relief, . . . attorneys' fees, . . . [and] costs of suit incurred herein. . . ." (Compl. 17-18, ECF No. 1-1.) Since the amount of damages are not specified in the complaint, Defendant must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. Lewis, 627 F.3d at 397; Abrego Abrego, 443 F.3d at 679; Guglielmino, 506 F.3d at 699. The district court may consider evidence in determining the amount in controversy. Coleman v. Estes Exp. Lines, Inc., 631 F.3d 1010, 1016 (9th Cir. 2011).

Plaintiff argues that Defendant has not met its burden of proving by a preponderance of the

evidence that the amount in controversy does not exceed $75,000. (ECF No. 6-1 at 8.) Defendant contends that it is facially apparent from the complaint that "more likely than not[,]" Plaintiff is seeking more than $75,000. (ECF No. 13 at 11.) Additionally, Defendants argue that Plaintiff has not stipulated that the amount in controversy does not exceed $75,000, and therefore, Plaintiff has conceded that she is seeking more than $75,000. in damages.[4] (Id. at 4-5.) As discussed below, the Court finds that Defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.

   1.   Back Wages

Defendant argues that the amount of back wages that Plaintiff is seeking is $79,274. (Def.'s Supp. Mem. In Opp. To Pl.'s Mot. For Order Remanding Action to State Court and For Sanctions in the Amount of $4,500.00 4, ECF No. 18.) Plaintiff alleges that she had worked in excess of 1,250 hours in the year prior to her leave of absence. (ECF No. 1-1 at ¶ 20.) While the complaint does not state the exact damages sought, Plaintiff does states that around November 2010, Plaintiff attempted to return to work and Defendant refused to allow her to work until she was completely healed. (Id. at ¶ 12.) Plaintiff ultimately was terminated on February 3, 2011. (Id. at ¶ 14.)

In the supplemental memorandum in opposition to the motion to remand, Defendant contends that Plaintiff is seeking wages from November 2010 until this action was removed on October 16, 2012. (ECF No. 18 at 3.) There are 102 workweeks from November 2010 until October 16, 2012. Defendants have provided uncontested evidence that Plaintiff was a full time employee, making $19.43 per hour. (Decl. of Belva Biagas ¶¶ 2, 3, ECF No. 18-1.) The back wages for this period of time would total approximately $79,274, exclusive of overtime.[5] Additionally, Plaintiff's lost wage

---

[4] Defendant's argument that Plaintiff's failure to stipulate that her case is worth less than $75,000 can be interpreted as evidence that potential damages meet the jurisdictional requirement is incorrect. In Conrad Assocs. v. Hartford Accident & Indem. Co., the court held that plaintiff's refusal to stipulate that the case was worth less than $75,000 was not enough to establish diversity jurisdiction. Conrad Assocs., 994 F.Supp. at 1199 (finding a defect in the subject matter jurisdiction cannot be stipulated to or waived).

[5] To determine the amount of Plaintiff's wage claim, the Court multiplied 102 weeks x 40 hours per week x $19.43 per hour for a total of $79,274.

8

claim is continuing.[6]  The lost wages from November 2010 through the end of January 2013 would be $90,932.[7]

Based on the uncontested facts presented by Defendant, Plaintiff's lost wages from the date that she was denied return to work and the complaint in this action was removed to this court would be at least $79, 274.  In considering the lost wages alone, Defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy here exceeds the jurisdictional amount.  Lewis, 627 F.3d at 397.

### 2. Health Benefits

Plaintiff also seeks back payment of health benefits which would be included in the amount in controversy calculation.  Guglielmino, 506 F.3d at 701, ECF No. 1-1 at 17.  Defendant submits evidence that the cost of the benefits package that would have been paid by Defendant would total $9,323. for the period from November 2010 through the end of 2012.  (ECF No. 18 at 4.)

### 3. Attorney Fees

Defendant also argues that some of the attorney fees which will be sought in this action are to be calculated  in the amount in controversy as they are recoverable under the FEHA.   (ECF No. 13 at 11.)  In an ordinary diversity case where there is no direct legal authority for attorney fees, such fees are not included in the jurisdictional amount.  Lowdermilk v. U.S. Bank National Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007).  However, where there is direct statutory authority, either mandatory or discretionary, for the for an award of attorney's fees, "such fees may be included in the amount in controversy."  Lowdermilk, 479 F.3d at 1000; Guglielmino, 506 F.3d at 700.  Pursuant to California Government Code section 12965(b), a prevailing plaintiff is entitled to recover attorney fees in an FEHA action unless it would be unjust.  Wherry v. Award, Inc., 192 Cal.App.4th 1242, 1249 (2011); Chavez v. City of Los Angeles, 47 Cal.4th 970, 985 (2010).  Therefore, Plaintiff may be entitled to recover statutory attorney fees in this action.

---

[6] At the hearing on February 25, 2013, when the Court inquired regarding Plaintiff's employment status, Plaintiff's counsel informed the Court that Plaintiff had been unable to find employment following her termination and is still unemployed.

[7] 117 weeks x 40 hours per week x $19.43 per hour for a total of $90,932.

9

1    In Plaintiff's motion for sanctions, Plaintiff requests attorney fees in the amount of $4,500.
2 Plaintiff's counsel has submitted a declaration stating that in preparing this motion to remand he spent
3 10 hours at $450 per hour. (Decl. Of David Yeremian ¶ 2, ECF No. 6-2.) Additionally, attorney fees
4 to date would, at minimum, include the costs of researching and preparing the complaint in this
5 action. The attorney fees incurred in bringing this can also be included in the amount in controversy
6 calculation.

**D.     Conclusion**

In this instance, Defendant has met its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, the Court recommends that Plaintiff's motion to remand this action be denied.

## VI.

## PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY FEES

Plaintiff seeks cost and attorney's fees of $4,500.00 incurred as a result of the removal of this action. (ECF No. 6-1 at 10.) Defendant opposes the motion on the grounds that Plaintiff's motion to remand was untimely and the removal was objectively reasonable. (ECF No. 13 at 13.)

An order remanding a removed action to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). The award of attorney fees is not automatic where plaintiff has prevailed; it is discretionary. Martin, 546 U.S. at 136. Attorneys fees should not be awarded, absent unusual circumstances, where the removing party had "an objectively reasonable basis for removal." Id. at 136; *see also* Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).

Here, an award of fees and costs is not warranted. The Court has in fact found that the removal of this action was proper; and Plaintiff's request for an award of attorney fees related to the instant motion should be denied.

## V.

## CONCLUSION AND RECOMMENDATION

For the reasons stated above, this Court HEREBY RECOMMENDS that:

1.    Plaintiff's motion to remand, filed December 4, 2012, be DENIED; and

    2.      Plaintiff's request for an award of attorney's fees related to preparation of the instant motion be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **February 12, 2013**

UNITED STATES MAGISTRATE JUDGE